UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GARY DEE BICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:10-CV-21 (CEJ) |
| | ) |
| JOHN JORDAN, et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion for summary judgment. Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.

Plaintiff Gary Dee Bice, a pretrial detainee at the Stoddard County Jail, alleges that he received inadequate medical treatment for a hernia during his confinement at the Cape Girardeau County Jail.[1] He filed this action pursuant to 42 U.S.C. § 1983, seeking damages from defendants John Jordan, Sheriff, and James Mulcahy, Jail Administrator.

### I. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing

---

[1] Plaintiff is awaiting trial on criminal charges filed in Cape Girardeau County. On February 1, 2010, the Circuit Court for Cape Girardeau County granted a defense motion for change of venue and transferred the case to Stoddard County.

v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

II. Background

Plaintiff was arrested by a Cape Girardeau City police officer at his home on December 3, 2009. Plaintiff testified at deposition that he "didn't go very easily" and "put up a struggle." He had been aware that he had a hernia for about a year before the arrest but had not sought treatment for it.[2] In the struggle during his arrest he began to experience pain, which he reported to the arresting officer. Plaintiff remained in the police station holding cell overnight and was transported to the county jail the day after his arrest.

---

[2] A notation in Dr. McGinty's records states that plaintiff reported he had the hernia for about three years.

The Cape Girardeau County Jail contracts with Advanced Correctional Healthcare (ACH) to provide medical treatment for inmates. ACH has an office within the jail that is staffed by nurses from 6:30 in the morning until 6:30 in the evening, Monday through Friday. A doctor comes to the jail once a week. Appointments with medical providers outside the facility are made by the ACH staff; jail officers are responsible only for transportation to such appointments. All decisions regarding the medical care of inmates is made by the staff of ACH.

Plaintiff testified that when he was admitted to the jail on December 4, 2009, he informed jail personnel that he had a hernia. Plaintiff was examined by a nurse on December 7, 2009. When asked to rate his pain on a scale on 1 to 10, he rated his pain at 8. The nurse contacted defendant Mulcahy and stated that plaintiff's testicle was enlarged and that he needed further evaluation. Defendant Mulcahy made arrangements for an officer to transport plaintiff to the emergency room at Southeast Missouri Hospital. Plaintiff testified that he received a morphine injection for pain and a referral to Franklin McGinty, M.D., of the Cape Surgical Clinic.

On December 8, 2009, Elizabeth Kelly, a nurse with ACH contacted the Cape Surgical Clinic to request a follow-up appointment for plaintiff. Her notes state that the "[o]ffice nurse manager reports ER records reviewed & not an emergency & appointment denied." Monnie Jean McDonald, the clinical manager at Cape Surgical Clinic, testified that each physician accepts three Medicaid referrals per month, with priority given to emergency cases. Ms. McDonald testified that she reviewed the emergency room notes and determined that plaintiff's condition did not qualify as an emergency and denied him an appointment.

Plaintiff completed a grievance form on December 16, 2009, complaining that he had not received follow-up treatment for his hernia. Nurse Kelly received the grievance and informed plaintiff that the surgeon's office had refused to see him at the present time. Her treatment notes state that she offered plaintiff the option of seeing the jail physician, which he refused.

Plaintiff was taken to St. Francis Medical Center emergency room on December 22, 2009, after complaining of pain. Steve Rothert, M.D., examined plaintiff and determined that plaintiff had an inguinal scrotal hernia without obstruction. Dr. McGinty testified that he received a call from Dr. Rothert requesting follow-up care for plaintiff. Dr. McGinty examined plaintiff on January 28, 2010. He told plaintiff that the hernia would require repair at some time but that it could be scheduled on an elective basis and was not an emergency. Dr. McGinty testified that a precondition for scheduling surgery was that plaintiff resume taking his previously prescribed medications.[3]

On February 5, 2010, nursing staff at the jail contacted Cape Surgical Clinic to schedule surgery. Plaintiff had a pre-op appointment with Dr. McGinty on February 8, 2010, and a hernia repair was completed without incident on February 22, 2010. Dr. McGinty testified that the hernia was nonstrangulated. He further testified that the delay in treatment from the onset of symptoms in December 2009 until surgery was not unreasonable and caused no damage to plaintiff's overall health.

III. **Discussion**

---

[3]Plaintiff has a diagnosis of paranoid schizophrenia for which he had previously taken Depakote and Thorazine.

-4-

Plaintiff claims that defendants exhibited deliberate indifference to his medical needs by failing to ensure that he received medical treatment for his hernia more expeditiously.

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's ban against cruel and unusual punishments. Farmer v. Brennan, 511 U.S. 825, 828 (1994). The Eighth Amendment does not apply to pretrial detainees, but the Due Process Clause of the Fourteenth Amendment imposes analogous duties on jailers to care for detainees. Christian v. Wagner, 623 F.3d 608, 613 (8th Cir. 2010) (citing City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)). A pretrial detainee alleging unconstitutional conditions of confinement based on denial of medical care must establish both that the deprivation of which he complains was sufficiently serious as an objective matter to deny him "the minimal civilized measure of life's necessities," and that the prison officials acted with a sufficiently culpable state of mind. Id. (internal quotations and citations omitted).

A claim of deliberate indifference has both an objective and a subjective component. See Farmer, 511 U.S. at 838-39. Thus, the relevant questions are: (1) whether plaintiff had a serious medical need and (2) whether the defendants had knowledge of such serious medical need but nevertheless disregarded it. Nelson v. Correctional Medical Services, 583 F.3d 522, 529 (8th Cir. 2009). A serious medical need is one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention. Vaughn v. Greene County, Ark., 438 F.3d 845, 851 (8th Cir. 2006). When an inmate alleges that a delay in medical treatment constituted a constitutional deprivation, "the objective seriousness of the deprivation should also be measured by reference to the effect of delay in treatment." Coleman v. Rahija, 114

F.3d 778, 784 (8th Cir. 1997) (quoting Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997)). An inmate's failure to place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment precludes a claim of deliberate indifference to medical needs. Id.

It is assumed for the purposes of this motion that plaintiff's hernia was a serious medical need. Plaintiff's § 1983 claim fails, however, because he cannot establish that defendants were deliberately indifferent to that need. The record does not establish that plaintiff's medical care was inadequate. Plaintiff was evaluated within three days of his admission to the jail, he was transported to the emergency room for further evaluation, and an attempt was made to secure a follow-up appointment with a surgeon. The surgeon's office made an independent determination that plaintiff did not present an emergency. Within two weeks, plaintiff was again transported to the emergency room when his condition became painful, and on this occasion the surgeon's office agreed to schedule plaintiff for evaluation. Surgery was scheduled once plaintiff satisfied Dr. McGinty's preoperative requirements by resuming his medications. Plaintiff also cannot establish that there was an actionable delay in obtaining his surgery. Dr. McGinty testified that the required repair was elective in nature and was not an emergency. He further testified that plaintiff suffered no detrimental effect as the result of not receiving surgery at an earlier date.

The undisputed evidence establishes that the named defendants were not responsible for decisions regarding his medical care. Prison officials may not substitute their judgment for a medical professionals opinion. See Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002) (law does not require prison administrator with less medical training to second-guess physician's treatment decision). Thus, plaintiff has failed to

establish that defendants Jordan and Mulcahy were deliberately indifferent to his serious medical needs.

The Court extends its appreciation to appointed counsel for his services in this case. Counsel may be entitled to reimbursement for some fees and out-of-pocket expenses. <u>See</u> E.D. Mo. L.R. 12.03. Instructions for completing a request for reimbursement can be found on the website for the Eastern District of Missouri, www.moed.uscourts.gov.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [Doc. # 38] is **granted**.

Judgment in favor of defendants will be separately entered.

```
                              _____
                              CAROL E. JACKSON
                              UNITED STATES DISTRICT JUDGE
```

Dated this 30th day of March, 2011.